UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK D.L.S. HUTCHISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02442-TWP-MPB |
| ) | |
| NEW CASTLE CORRECTIONAL FACILITY, et ) | |
| al. ) | |
| ) | |
| Defendants. ) | |

**ORDER SEVERING THE COMPLAINT,
DISMISSING DEFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Derek Hutchison, an inmate at New Castle Correctional Facility ("NCCF"), brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), alleging that the defendants violated his civil rights. Because Mr. Hutchison is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

The complaint names the following defendants: NCCF, Mark Sevier, Sergeant Moore, Investigator S. Joseph, The Geo Group Inc., Lt. L. Storms, Nurse Celeste Jones, Wexford Health Sources Inc., Nurse Terry, Don Robinson, EMT Gard, LPN Davis, Nurse Jones, Sergeant Sayler, Indiana Department of Correction, Indiana Department of Correction Commissioner, Governor of Indiana, State of Indiana, UTM Jacson, and various John and Jane Doe's. Mr. Hutchison is seeking compensatory and punitive damages, injunctive relief, and declaratory relief.

On August 15, 2020, Mr. Hutchison was assaulted by an inmate who threw an unknown substance on him. Sgt. Moore was standing beside Mr. Hutchison and was also hit. After the assault, Sgt. Moore allegedly threatened to retaliate against Mr. Hutchison, and Nurse Terry allegedly refused to treat Mr. Hutchison for any injuries he may have suffered.

Shortly after midnight on August 21, 2020, EMT Gard and Sgt. Sayler allegedly forced Mr. Hutchison to overdose on a combination of prescription medications. They also took a blood draw from Mr. Hutchison, supposedly in response to his complaints about abdominal pain, even though Mr. Hutchison had not complained of abdominal pain. When Mr. Mr. Hutchison went into emergency medical distress sometime later, Nurse Terry and Sgt. Moore did not provide him with medical treatment or access to medical treatment. Instead, Sgt. Moore and another correctional officer severely beat Mr. Hutchinson and threatened him with death and genital mutilation as he was held in physical restraints. Nurse Terry allegedly encouraged these attacks and did not attempt to intervene or call for help. Mr. Hutchison was later examined by Nurse Lawson, but he did not

receive any additional medical treatment. When Mr. Hutchison reported the attack, Investigator Joseph told Mr. Hutchison that he did not believe him. Unnamed prison officials subsequently restricted Mr. Hutchison's ability to communicate with his family about these events.

The complaint also alleges facts arising from unrelated events. Nurse Celeste Jones allegedly refused to meet with Mr. Hutchison about his mental health concerns, which precipitated in an episode of self-harm. Mr. Hutchison was allegedly denied Cymbalta for approximately eight months, which caused him to suffer withdrawal symptoms, and the prescription was later reinstated at a lower dose. Nurse Davis allegedly refused to treat or refer Mr. Hutchison for medical issues related to his heart and high blood pressure and told Mr. Hutchison that she did not care about his heart. UTM Jackson and Lt. Storms allegedly denied Mr. Hutchison access to legal materials. Unnamed prison officials allegedly denied Mr. Hutchison the benefits afforded to non-disabled prisoners.

### III. DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

"The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which includes [d]eliberate indifference to serious medical needs of prisoners." *Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019) (internal quotation omitted). The Eighth Amendment protects prisoners from excessive physical force that amounts to cruel and unusual punishment. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). The Eighth Amendment prohibits prison officials from acting with

deliberate indifference in failing to protect inmates from imminent harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

### A. Claims That Shall Proceed

Based on the screening standard set forth above, Mr. Hutchison's deliberate indifference to serious medical needs claims **shall proceed** against Nurse Terry for failing to treat him after his assault by another inmate, against Nurse Terry and Sgt. Moore for failing to treat him or provide him with access to medical care during his overdose, and against Nurse Terry for failing to treat him after his assault by Sgt. Moore. Mr. Hutchison's Eighth Amendment claims **shall proceed** against EMT Gard and Sgt. Sayler for performing an unnecessary blood draw and forcing him to overdose on medication. Mr. Hutchison's excessive force claim **shall proceed** against Sgt. Moore. Mr. Hutchison's failure to protect claim **shall proceed** against Nurse Terry.

### B. Claims That Are Dismissed

Any claim against NCCF is **dismissed** because NCCF is not a suable entity under § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Any claim against a John Doe or Jane Doe is **dismissed** because suing unnamed defendants in federal court is generally disfavored by the Seventh Circuit. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.") (internal citations omitted)).

Any claim against The GEO Group Inc. or Wexford Health Sources Inc. is **dismissed** because the complaint does not allege that Mr. Hutchison suffered a civil rights violation as a result of these defendants' policies or customs. To be liable under § 1983, private corporations acting under color of state law must have an express policy or custom that resulted in a constitutional

4

deprivation. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002); *Estate of Moreland v. Dieter*, 395 F.3d 747, 758-59 (7th Cir. 2004).

Any claim against the Indiana Department of Correction or the State of Indiana is **dismissed** because the Eleventh Amendment bars private lawsuits in federal court against a state that has not consented to be sued. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). An agency of the state enjoys that same immunity. *Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016); *see also Moore v. State of Ind.*, 999 F.2d 1125, 1128-1129 (7th Cir. 1993) (citing *Pennhurst*, 465 U.S. at 100).

Any claim against Mark Sevier, Don Robinson, the IDOC Commissioner, or the Governor of Indiana is **dismissed** because the complaint does not allege any specific facts against these defendants. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation…. A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Any claim arising from Mr. Hutchison's inability to make phone calls to family members is **dismissed** because the complaint does not allege that any of the defendants were personally involved in this restriction.

Any claim brought under the ADA is **dismissed** because the complaint does not allege sufficient facts to state an ADA claim. Instead, the complaint summarily alleges that Mr. Hutchison was denied "the benefits and services provided to non-disabled prisoners."

Mr. Hutchison's access to courts claims against Lt. Storms and UTM Jacson are **dismissed** because the complaint does not allege that their interference with Mr. Hutchison's legal materials caused him to suffer harm. "Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). At the same time, however, prisoners do not have an "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To prevail on an access-to-courts claim, a prisoner must "submit evidence that he suffered actual injury—i.e., that prison officials interfered with his legal materials—and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted). "[T]he very point of recognizing any access claim is to provide effective vindication for a separate and distinct right to seek judicial relief for some wrong. ... [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). In other words, "the mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction [or] sentence . . . has this right been denied." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Any claim against Investigator Joseph is **dismissed**. Although the Eighth Amendment requires prison officials to protect inmates from imminent or ongoing threats to their health and safety, the complaint merely alleges that Investigator Joseph failed to believe or adequately investigate Mr. Hutchison's complaints about *prior* incidents of excessive force and forced medication. The complaint does not allege that this failure caused Mr. Hutchison to suffer

subsequent injuries. Thus, there is not an injury in fact caused by Investigator Joseph from which he may obtain relief.

## IV.
## SEVERENCE OF CLAIMS

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Seventh Circuit explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 of the Federal Rules of Civil Procedure allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. Rule 20(a) allows defendants to be joined in one action if a right to relief is asserted against them jointly with respect to the same transaction or occurrence, and a question of law or fact common to all defendants will arise in the action.

When a claim includes improperly joined claims, "[t]he court may . . . add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Generally, a district court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). This is the remedy that will be applied to this complaint.

Mr. Hutchison's deliberate indifference claims against Nurse Jones and Nurse Davis are not properly joined to the claims in this proceeding. Because they may state a claim upon which relief may be granted, these claims are severed and shall be considered in a new cause of action as follows:

1. "Derek D.L.S. Hutchison" shall be the plaintiff.

2. "Nurse Celeste Jones, NP" and "Nurse Davis, LPN" shall be the defendants.

3. The Nature of Suit shall be 555.

4. The Cause of Action shall be 42:1983pr.

5. The complaint in this action shall be filed and re-docketed as the complaint in the new action.

6. The plaintiff's request to proceed in forma pauperis, dkt. [2], shall be filed and docketed in the new action.

7. A copy of this Order shall be docketed in the new action.

8. This action and the new action shall be shown as linked actions.

## V.
## SUMMARY AND SERVICE OF PROCESS

Mr. Hutchison's Eighth Amendment claims **shall proceed** against Nurse Terry, Sgt. Moore, EMT Gard, and Sgt. Sayler. Any claims against Nurse Celeste Jones or Nurse Davis are **severed** into a new cause of action. All other claims are **dismissed**.

The **clerk is directed** to open a new civil action in accordance with the instructions set forth in Part IV of this Order.

The **clerk is directed** to terminate New Castle Correctional Facility, Mark Sevier, Investigator S. Joseph, The Geo Group Inc., Lt. L. Storms, Nurse Celeste Jones, Wexford Health Sources Inc., Don Robinson, LPN Davis, Nurse Jones, Indiana Department of Correction, Indiana Department of Correction Commissioner, Governor of Indiana, State of Indiana, UTM Jacson, and all John Doe's and Jane Doe's as defendants on the docket.

The **clerk is directed** to rename defendant "EMT Garo" as "EMT Gard" on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Nurse Terry, Sgt. Moore, EMT Gard, and Sgt. Sayler in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

The **clerk is directed** to serve Wexford of Indiana, LLC electronically. At least one defendant appears to be a Wexford employee. If any such defendant does not waive service, Wexford is **ORDERED** to provide the defendant's full name and last known address if it has such information. This information may be provided to the Court informally or may be filed *ex parte*.

**IT IS SO ORDERED**.

Date: 12/3/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DEREK D.L.S. HUTCHISON
121492
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

SGT. MOORE
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

SGT. SAYLOR
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

EMT GARD
Medical Employee
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

NURSE TERRY
Medical Employee
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362