UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK D.L.S. HUTCHISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:20-cv-02442-TWP-MPB |
| MOORE, et al. | ) ) ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

On August 23, 2021, the Court granted the defendant's unopposed motion for summary judgment, dismissed this action, and entered final judgment for the defendants. Derek Hutchison's motion for relief from judgment under Rule 60(b) is now before the Court. For the reasons explained below, his motion is **DENIED**.

**I. LEGAL STANDARD**

Courts grant relief under Rule 60(b) only in exceptional circumstances. *Trade Well International v. United Central Bank*, 825 F.3d 854, 860 (7th Cir. 2016). The disposition of a Rule 60(b) motion is within the district court's discretion and is reviewed only for an abuse of discretion. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The Rule provides that the district court may relieve a party or its legal representative from a final judgment for mistake; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; voidness; previous satisfaction, release, or discharge of the judgment; or for any other reason that justifies release. Fed. R. Civ. P. 60(b).

## II. BACKGROUND

Mr. Hutchison initiated this action by filing the complaint on September 18, 2020. Dkt. 1. The Court allowed him to proceed on Eighth Amendment claims against prison officials ("state defendants") and medical staff ("medical defendants"). Dkt. 7, p. 8. The defendants answered the complaint on January 25, 2021, *see* dkt. 18 (medical defendants), and January 31, 2021, *see* dkt. 19 (state defendants). They raised failure to exhaust available administrative remedies as an affirmative defense. *Id.* The Court issued an entry directing the development of the exhaustion defense. Dkt. 22. The parties were given an opportunity to conduct discovery on this issue, and their deadline to file dispositive motions was March 16, 2021. *Id.*

The medical defendants filed a motion for summary judgment on March 11, 2021. Dkt. 28. The state defendants joined in the motion on March 16, 2021. Dkt. 31. Mr. Hutchison response was due by April 11, 2021, but he did not file a response. The Court granted the unopposed motion for summary judgment and entered final judgment for the defendants on June 17, 2021. Dkts. 35, 36. In granting the motion for summary judgment, the Court found that Mr. Hutchison "did not file any accepted formal grievances in 2020. Thus, he did not complete the grievance process before filing this lawsuit." Dkt. 35, p. 4 (internal citations omitted).

On August 23, 2021, Mr. Hutchison filed a one-page motion for relief from judgment. Dkt. 37. Mr. Hutchison says he "was on suicide watch from about March 11, 2021 to July 9, 2021, which is what caused him to be unable to litigate this case and oppose the summary judgment." *Id.* at para 2. He has not designated evidence suggesting that he exhausted his available administrative remedies, that he was unable to exhaust due to affirmative misconduct by prison officials, or that summary judgment was otherwise improperly granted.

In response, the medical defendants argue that the motion should be denied because Mr. Hutchison's failure to respond was not caused by excusable neglect, he did not pursue this Rule 60(b) with reasonable diligence, and he has not shown that he would have prevailed on the summary judgment motion if he had been given an opportunity to respond.

### III. DISCUSSION

Mr. Hutchison has not shown that he is entitled to the "extraordinary remedy" of relief from judgment under Rule 60(b). As a general matter, the Court is sensitive to the restrictions on prisoner-plaintiffs and the need to provide them with additional time to meet deadlines in some circumstances. The Court is unpersuaded that Mr. Hutchison's medical condition and placement on suicide watch is irrelevant to his Rule 60(b) motion, as the medical defendants seem to suggest, or that he waited too long before filing his motion for relief from judgment. Nevertheless, Mr. Hutchison has not shown that he had any likelihood of success on the motion for summary judgment, or that he was prejudiced by not filing a response. Accordingly, the motion for relief from judgment, dkt. [37], is **DENIED**.

**IT IS SO ORDERED**.

Date:   10/19/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEREK D.L.S. HUTCHISON
121492
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Marley Genele Hancock
CASSIDAY SCHADE LLP
mhancock@cassiday.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com